IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THERMAL INDUSTRIES, INC., | ) |
| | ) |
| Plaintiff, | ) C.A. No. |
| | ) |
| vs. | ) **JURY TRIAL DEMANDED** |
| | ) |
| ABCLEADS.COM and LEAD VENTURES, LLC, | ) |
| | ) |
| Defendant. | ) |

## VERIFIED COMPLAINT

AND NOW COMES plaintiff, Thermal Industries, Inc. ("Thermal") by and through its attorneys, Metz Lewis Brodman Must O'Keefe LLC, and for its Complaint against ABCLeads.com ("ABC") and Lead Ventures, LLC ("LV") (collectively, "Defendants"), states as follows:

## PARTIES

1. Thermal is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 5450 Second Avenue, Pittsburgh, Pennsylvania 15207.

2. Upon information and belief, ABC is an unincorporated business, and LV is a limited partnership or limited liability company organized under the laws of Rhode Island, and both ABC and LV have a principal place of business at 42 Ladd Street, 2nd Floor, East Greenwich, Rhode Island 02818. LV is believed to be the owner of ABC.

## JURISDICTION AND VENUE

3.  This Complaint is based upon trademark infringement, false designation of origin and description of goods and unfair competition. It arises under the trademark laws of the United States, codified at Title 15, United States Code § 1051, et seq. and under the trademark and common laws of the Commonwealth of Pennsylvania.

4.  This Court has subject matter jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1332 and 1338, in that this action arises under the laws of the United States.

5.  This Court has jurisdiction over the state law claims pursuant to 28 U.S.C. § 1338(b), and under the doctrine of pendent jurisdiction in that the claims are joined with a substantial and related claim under the trademark laws of the United States.

6.  This Court has jurisdiction over Defendants with respect to the causes of action herein set forth in that Defendants, have committed the acts complained of herein in this District and threaten to purposefully commit further acts complained of herein in this District.

7.  Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) in that the claims arose in this District and Defendants are subject to personal jurisdiction in this District.

## COUNT I
### Federal Unfair Competition Under 15 U.S.C. § 1125(a)

8.  The averments of Paragraphs 1 through 7 of the Verified Complaint are incorporated herein by reference as if set forth in full.

9.  Thermal has been developing and manufacturing high quality window, door and associated products for over 50 years in the Pittsburgh area. These products are marketed and distributed nationally through a distributor network.

10.     Thermal is dedicated to not only the manufacture of the highest quality window, door and related products, but is continuously seeking to develop new and exciting products for national distribution.

11.     Thermal also prides itself on the development of its extensive dealer network and strong history of customer service.

12.     Thermal maintains a website at www.thermalindustries.com, but also distributes a significant amount of printed marketing and sales material throughout the United States. Thermal has dedicated considerable time, effort and financial commitment to the development of its products and has reaped the benefit of significant customer recognition of Thermal as a purveyor of these products.

13.     ABC is currently engaging in lead generation in the field of replacement windows, conducted through the website www.replacement-window-center.com (the "Website"). A copy of the opening page of the Website is attached hereto as Exhibit A.

14.     Upon information and belief, ABC is the owner and operator of the Website. A copy of the Whois report for the Website is attached hereto as Exhibit B.

15.     ABC also describes its services relating to lead generation in this industry on its own website, www.abcleads.com (the "ABC Website"), a copy of the relevant page of which is attached hereto as Exhibit C.

16.     LV is identified as the owner of ABC on the corporate information page of the ABC Website, a copy of which is attached hereto as Exhibit D.

17.     Upon information and belief that one of the methods by which ABC generates its leads in the replacement window industry is through the purchase of keywords from Google and other search engines, and that ABC has purchased the terms "Thermalindustries.com" "Thermal

Industries, Inc." and has associated the Website with those terms. A copy of Google searches for the terms www.thermalindustries.com, Thermal's own website, and "Thermal Industries, Inc." are attached hereto as Exhibit E.

18. The ABC sponsored links are visible as the first entries on Exhibit E, in both instances immediately above Thermal's own website entry and containing the text **"Get A Quote Today 1-888-376-8362 Have Us Replace Your Window."** The hyperlink associated with the ABC sponsored link then leads to particular pages of the Website specifically associated with the name and mark, Thermal Industries or colorable imitations thereof. A copy of these pages are attached hereto as Exhibit F. Those pages contain the opening phrases, **"You're Interested in Thermalindustries.com? Fill Out The form Below For Your Free Estimate!"** and **"You're Interested in Thermo Industries Inc? You've come to the right place!"** They also contain the phrases **"We found a qualified replacement window contractor in the greater ****** area!"** and **"We found a great local contractor in ******!"**

19. The particular metropolitan area that appears on the screen changes depending on where in the country the user happens to live.

20. This concerted conduct is clearly an attempt to confuse and mislead customers and potential customers of Thermal Industries into believing that there is, at least, an association between Thermal Industries and ABC or its lead-purchasing customers.

21. Thermal's corporate name and web address at www.thermalindustries.com have become uniquely associated with and hence identify Thermal as the source of origin of the goods offered by Thermal.

22. Defendants' interstate use of the name and mark Thermal Industries, as well as the web address www.thermalindustries.com constitutes a false designation of origin, or a false

representation, wrongly and falsely designates their products as originating from or being connected with Thermal.

23. Use by Defendants of the name and mark Thermal Industries in connection with the advertising of their services constitutes a false designation of origin that has resulted in and is likely to result in confusion or mistake or deception in the trade, which has caused and will cause irreparable injury to Thermal, in violation of 15 U.S.C. § 1125(a), and will continue to do so unless enjoined by the Court.

24. Defendant was made fully aware of Thermal Industries' rights in a letter addressed to Defendant dated October 25, 2010.

25. Defendant agreed, upon receipt of the October 25, 2010, letter, to cease and desist from its unfair conduct and represented to Thermal that the conduct had been discontinued.

26. Defendant has failed to actually discontinue its practices and is doing so willfully and intentionally in clear and knowledgeable violation of Thermal's rights in violation of 15 U.S.C. §1117.

## COUNT II
### Pennsylvania Unfair Competition

27. The averments of Paragraphs 1 through 26 of the Verified Complaint are incorporated herein by reference as if set forth in full.

28. Defendants' use of the name and mark Thermal Industries, in addition to the use of the web address www.thermalindustries.com for windows and associated products is likely to cause confusion, mistake or deception as to the source of origin of Defendants services, and is being carried out with the knowledge or reckless disregard for the fact that such mark is intended to be used to cause confusion or mistake or to deceive all in violation of 54 Pa. C.S.A. §§ 1123 and 1126.

5

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays:

1. That this Court find that Defendants' acts and use of the term Thermal Industries and the web address www.thermalindustries.com and their formatives, constitutes an infringement of Plaintiff's rights.

2. That this Court grant Plaintiff's request for a permanent injunction enjoining Defendants and their agents, servants, employees and attorneys and those persons in active concert therewith from using any logo, trade name or trademark which may be calculated to falsely represent or which has the effect of falsely representing that the products or services of Defendants and their lead-purchasing third party customers are sponsored by, authorized by, or in any way associated with Plaintiff.

3. That this Court grant Plaintiff's request for a permanent injunction enjoining Defendants and their agents, servants, employees and attorneys and those persons in active concert therewith from infringing Plaintiff's rights in the name and mark Thermal Industries and its formatives.

4. That this Court grant Plaintiff's request for a permanent injunction enjoining Defendants and their agents, servants, employees and attorneys and those persons in active concert therewith from falsely representing themselves as being connected with Plaintiff or sponsored by or associated with Plaintiff or engaging in any act which is likely to falsely cause the trade, retailers and/or members of the purchasing public to believe that Defendants and their lead-purchasing customers are associated with Plaintiff.

5. That this Court grant Plaintiff's request for a permanent injunction enjoining Defendants and their agents, servants, employees and attorneys and those persons in active

concert therewith from using any reproduction, counterfeit, copy or colorable imitation of the name and mark Thermal Industries in connection with the publicity, promotion, sale, or advertising of services offered or sold by Defendants, including, without limitation, the leads sold to Defendants' customers in the replacement window industry, with a copy or colorable imitation of Plaintiff's name and mark.

6. That this Court grant Plaintiff's request for a permanent injunction enjoining Defendants and their agents, servants, employees and attorneys and those persons in active concert therewith from fixing, applying, annexing or using in connection with the sale of any goods or services, a false description or representation including words or other symbols tending to falsely describe or represent such goods or services as being those of Plaintiff and from offering such goods or services in commerce.

7. That this Court grant Plaintiff's request for an accounting of all profits and damages resulting from Defendants' activities.

8. That this Court award Plaintiff treble damages, costs and attorneys' fees consistent with 15 U.S.C. §1117.

9. That this Court provide to Plaintiff such other relief as it deems just and proper.

    Respectfully submitted,

    Metz Lewis Brodman Must O'Keefe LLC

By: /s/Barry I. Friedman
    Barry I. Friedman, Esquire
    Pa. ID #50507

    11 Stanwix Street, 18th Floor
    Pittsburgh, Pennsylvania 15222
    (412) 918-1100

    Attorneys for Plaintiff
    Thermal Industries, Inc.

## VERIFICATION

I, Philip J. Ragona, Senior Vice President and Secretary of Thermal Industries, Inc., have read the foregoing Verified Complaint. The statements therein are correct to the best of my personal knowledge or information and belief.

This statement and verification is made subject to the penalties of perjury under the laws of the United States, 18 U.S.C. 1001, et seq. and 28 U.S.C. § 1746, relating to unsworn declarations.

*[signature]*
Philip J. Ragona
Senior Vice President and Secretary

Dated: August 5, 2011

SWORN TO AND SUBSCRIBED
before me this 5 day of August , 2011.

*[signature]*
Notary Public

Tina M Jay
My Commission Expires
05/17/2012